IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| State Farm Fire and Casualty Company, | Case No.: 3:10-cv-02205-JFA |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | **(Declaratory Judgment Action)** |
| Owners Insurance Company, | **(Non-Jury)** |
| Defendant. | |

The Plaintiff above-named, complaining of the Defendant herein would respectfully show unto this Court:

**PARTIES AND JURISDICTION**

1. State Farm Fire and Casualty Company (hereinafter referred to as "State Farm") is an insurance company organized and existing under the laws of the State of Illinois with its principal place of business in Illinois. State Farm is authorized to issue insurance policies in the State of South Carolina and does so.

2. The Defendant, Owners Insurance Company, is an insurance company organized and existing under the laws of the State of Michigan with its principal place of business in Michigan. Owners Insurance Company is authorized to issue insurance policies in the State of South Carolina and does so.

3. The Plaintiff is informed and believes that the amount in controversy exceeds Seven-Five Thousand and no/100 ($75,000.00) Dollars.

4. There is complete diversity among the parties and the amount in controversy exceeds the jurisdictional minimum. Thus, this Court has jurisdiction based on 28 U.S.C. § 1332.

1

5.     This Court has the authority under 28 U.S.C. § 2201 and Rule 57 of the *Federal Rules of Civil Procedure* to adjudicate the rights and legal relationships of the parties based on the insurance contract issued by the Plaintiff to Clotilde Nielson and the insurance policy issued by Owners Insurance Company to The Shandon Group, Inc.

## FACTS

6.     The Plaintiff issued a Rental Dwelling Policy, Special Form 3 (Policy Form FP-8103.3) to Clotilde Nielson which was in full force and effect on July 19, 2005. All of the terms, conditions, exclusions and endorsements of the policy are incorporated herein by reference and the policy is attached hereto as Exhibit "A".

7.     The Defendant, Owners Insurance Company, issued a policy of insurance to The Shandon Group, Inc. d/b/a Prudential Palmetto Realty which was a Business Owners Policy, Policy No. 42-851-638-00 with effective dates of June 5, 2005 through June 5, 2006. All of the terms, conditions, exclusions and endorsements of the policy are incorporated herein by reference and the policy is attached hereto as Exhibit "B".

8.     A fire occurred on July 19, 2005 at a rental dwelling owned by Clotilde Nielson and managed by The Shandon Group, Inc.

9.     On July 19, 2005, the rental dwelling where LaShaun Miller and her son, Arthur Bradley Burkett, were living which was owned by Clotilde Nielson caught on fire. As a result of the fire, there was property damage and Arthur Bradley Burkett sustained bodily injury.

10.    An action has been brought in the Court of Common Pleas for Richland County entitled *LaShaun Miller, Individually and as Parent and Guardian ad Litem of Arthur Bradley Burkett, a minor, vs. Clotilde Nielson, The Shandon Group, Inc. and Standford Electric, Inc.,* Civil Action No.: 2006-CP-40-3518 whereby LaShaun Miller seeks to recover damages arising out of the

July 19, 2005 fire. State Farm is and will continue to provide a defense to its named insured Clotilde Nielson. State Farm is also providing a defense to The Shandon Group, Inc.

11. The policy of insurance issued by State Farm to Clotilde Nielson contains the following pertinent provisions:

**SECTION II**
**CONDITIONS**
**OTHER INSURANCE - COVERAGE L - BUSINESS LIABILITY**

This insurance is excess over any other valid and collectible insurance except insurance written to cover as excess over the limits of liability that apply in this policy.

12. The policy of insurance issued by Owners Insurance Company to The Shandon Group, Inc. provides in pertinent part:

**OTHER INSURANCE**

1. If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable limits of insurance.

2. Business liability coverage is excess over other insurance that insures for direct physical loss or damage.

### ISSUES PRESENTED

13. The following coverage issues have been raised:

A. When construing the other insurance clauses contained in the State Farm and Owners Insurance policies is one policy primary and the other excess or do both policies prorate their coverages based on their applicable limits of liability?

B. Who has the primary duty to defend The Shandon Group, Inc. in the State Court action?

14. The Plaintiff is informed and believes that it is entitled to a declaration by this Court as to whether or not Owners Insurance has the primary duty to defend The Shandon Group, Inc. and

a declaration by this Court as to whether or not Owners Insurance has primary or excess coverage with regard to the injuries and damages sought by LaShaun Miller or if the policies prorate.

WHEREFORE, having fully set forth its Complaint, the Plaintiff prays that this Court look into the issues presented and

    a.    Make a determination as to which insurance carrier has the primary duty to defend The Shandon Group, Inc. in the State Court action; and

    b.    Make a determination as to whether the State Farm and Owners Insurance policies are primary, excess or prorate; and

    c.    For such other and further relief as this Court deems just and proper.

Conway, South Carolina

August 20, 2010.

THOMPSON & HENRY, P.A.

s/Linda Weeks Gangi
Linda Weeks Gangi
Attorney for the Plaintiff
Post Office Box 1740
Conway, SC 29528-1740
Telephone No: (843) 248-5741
Fax No: (843) 248-5112
Federal Court ID No.: 2028
lgangi@thompsonlaw.com